UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'09 CIV 7394

------------------------------------------------------------x

NEPA TRANSPORT BV,

                              Plaintiff,            09 CV

-v-                                     **VERIFIED COMPLAINT**

HANS SCHRAMM & SOHN GMBH & CO. KG and
NOSTAG GMBH & CO. KG,

                              Defendants.

------------------------------------------------------------x

       Plaintiff, NEPA TRANSPORT BV (hereinafter "NEPA" or "Plaintiff"), by its

attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants,

HANS SCHRAMM & SOHN GMBH & CO. (hereinafter "HSS") and NOSTAG GMBH

& CO. KG (hereinafter "NOSTAG") (collectively "Defendants"), alleges upon

information and belief as follows:

JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

THE PARTIES

      2.     At all times material hereto, Plaintiff, NEPA, was and still is a foreign

business entity with a principal place of business at Hoger Einde Noord 28, 1191 AC

Ourderkerk a/d Amstel, Netherlands.

3.    At all times material hereto, Defendant, HSS, was and still is a foreign business entity with a principal place of business at Am Suedufer, D-25541 Brunsbuttel, Germany.

4.    At all times material hereto, Defendant, NOSTAG, was and still is a foreign business entity with a principal place of business at Am Suedufer, D-25541 Brunsbuttel, Germany.

FACTS AND CLAIM

5.    On or about September 15, 2008, NEPA, as disponent owners of the MV DS ABILITY V44, contracted with HSS, as Merchants, for the shipment of one (1) flat pontoon, at owners option to load a second similar pontoon, from Nantong, China to Rotterdam, the Netherlands. *A copy of the parties' agreement is attached hereto as Exhibit "1".*

6.    This agreement is a maritime contract.

7.    Pursuant to the terms of the parties' agreement, HSS agreed, among other things, to the payment of detention to NEPA at a rate of USD 25,000 per day pro rata if the cargo was not ready upon arrival of the vessel at Nantong/Shanghai range. *See Exhibit "1".*

8.    Thereafter, HSS advised NEPA that Defendant NOSTAG would pay the price of USD 1,550,000 for the shipment of the pontoon, and that HSS would guarantee NOSTAG's performance. *A copy of the relevant correspondence between HSS and NEPA (via its agent) is attached hereto as Exhibit "2".*

9.     The vessel arrived at the load port of Nantong and the Notice of Readiness was tendered on September 27, 2008 at 12:00 hrs. *A copy of the Notice of Readiness is attached hereto as Exhibit "3".*

10.     While at the load port, the vessel incurred detention charges for three (3) days, in the total amount of USD 75,000.

11.     Despite demands by NEPA to Defendants to pay for the detention charges in a timely manner, Defendants, in breach of the terms of the September 15, 2008, has failed, neglected, and/or otherwise refused to pay Plaintiff for such detention. *A copy of NEPA's Invoice No.: WT013/2008 dated October 17, 2008 is attached hereto as Exhibit "4".*

12.     As a result of the Defendants' breach of the parties' agreement, NEPA incurred additional costs in the amount of €58,172.67[1] at the discharge port of Rotterdam resulting from the adjustment of lifting eyes to facilitate discharge.

13.     Despite their contractual obligations to do so, defendants HSS and NOSTAG have failed to pay for the detention accrued during loading and have failed to pay the amounts due and owing to Plaintiff NEPA.

14.     In summary, as a result of the Defendants' failure to fulfill their obligations under the parties' agreement, Plaintiff NEPA has sustained damages in the aggregate amount presently estimated to be USD 157,237.21.

15.     Pursuant to the terms of the parties' agreement, all disputes arising there under are to be submitted to London arbitration with English law to apply. NEPA has or shortly will commence arbitration.

---

[1] €58,172.67 = 82,237.21 USD as per the live rates reported on www.xe.com, August 18, 2009.

16.     This action is brought to obtain security for Plaintiff's claims and in aid of its London arbitration proceedings.

17.     English law, including but not limited to Section 63 of the English Arbitration Act of 1996, provides that a prevailing party is entitled to interest, costs and legal fees.

18.     Plaintiff's English Solicitor has estimated that the costs of pursuing the arbitration proceedings will range up to USD 170,000.00 if a hearing is deemed necessary, including attorneys' fees of approximately USD 120,000.00 for preparation of claim submissions; attending on defence and counterclaim submissions; preparation of reply submissions; disclosure; factual and expert evidence (including expert's fees); and attendance of counsel and experts at the hearing.   In addition, it is estimated that the Tribunal's fees and costs will range up to USD 50,000.00.

19.     As best as can now be estimated, the Plaintiff NEPA expects to recover the following amounts in arbitration from Defendants HSS and NOSTAG:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 157,237.21* |
| B. | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | *$ 39,264.71* |
| C. | Estimated attorneys' fees | *$ 120,000.00* |
| D. | Estimated arbitration costs: | *$ 50,000.00* |
| | **Total Claim** | **$ 366,501.92** |

20.     Therefore, NEPA's total claim for breach of the maritime contract against Defendants HSS and NOSTAG is in the aggregate USD 366,501.92.

BASIS FOR ATTACHMENT

21.    Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

22.    Defendants are continuously engaged in international shipping and conducts business in U.S. Dollars.  Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City.  Dollars are the *lingua franca* of international commerce.

23.    All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City.  The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

24.    Plaintiff believes that some of these assets of Defendants, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including:

ABN AMRO BANK, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos *(a copy of which is attached hereto as Exhibit "5")*, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of **USD 366,501.92** to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.     That Plaintiff may have such other, further and different relief as may be just and proper.

Chalos & Co ref: 2073.006                          6

Dated: Oyster Bay, New York
      August 21, 2009

                      CHALOS & CO, P.C.
                      Attorneys for Plaintiff
                      NEPA TRANSPORT BV

By:       _____
                      George M. Chalos (GC-8693)
                      123 South Street
                      Oyster Bay, New York 11771
                      Tel: (516) 714-4300
                      Fax: (516) 750-9051
                      Email: gmc@chaloslaw.com

EXHIBIT 1

# NEPA TRANSPORT

Today the following agreement has been made between Hans Schramm & Sohn Gmbh & Co. kg of Brunsbüttel, as Merchants and Nepa Transport BV of Ouderkerk aan de Amstel, as agents for the Carrier:-

1. Shipment of one flat pontoon (nostag 10) with dimensions 91,50 x 27,50 x 5,50m (lxbxh) weight about 1,600mt at owners option to load a second (2nd) similar pontoon (schramm 3) on top which is subject to owners/class approval.
   Shipment will be carried out on deck at Shippers/Merchants/Receivers risk and expense   P3

2. Loading port:           Nantong, owners berth

3. Discharging port:       Rotterdam, owners berth

4. Laycan:                 25/30 September 2008

5. Price:                  USD 1.550.000,-- lumpsum (one pontoon)
                           USD 2.400.000,-- lumpsum (in case of two pontoons)
                           Which includes:-
                           Loading/stowing as from FREE ALONGSIDE
                           Supervising at Nantong and Rotterdam
                           Stevedores at Nantong and Rotterdam
                           Welding team at Nantong and Rotterdam
                           Transportation calculation
                           Transport Nantong/Rotterdam
                           Suez tolls
                           Discharging at Rotterdam
                           Insurance policy (based on E.......mio value)

6. Intended vessel:        MV DS Ability V44 (eta Nantong 23/24 sept wp)

7. Detention:              In case the documents or the cargo is not ready upon arrival of the vessel at Nantong/Shanghai range, the merchants to pay detention at a rate of USD 25,000,-- pdpr. Merchants are granted a grace of 3 days at loadport prior commencement of detention time. Gencon op timecounting to apply.

8. Payment:                The full amount under point 6 will be paid (net) upon completion of loading and sailing message of the master

9. Notice:                 The Carrier will give 7/5/3/2/1 day(s) notice of arrival to the loadingport as well as to the dischargingport.

10. Agents:                at Nantong: Singa International Ocean Shipping Agency Ltd.
                           At Rotterdam: Sinepol Shipping and Agency BV.

11. Conditions:            Further conditions of the seatransport are referred to the clean Gencon 1994 charterparty contract.

Ouderkerk aan de Amstel, 15th of September 2008,

as signed

NEPA TRANSPORT                                    Hans Schramm & Sohn Gmbh & Co
Nepa Transport Amsterdam
Holland                                          ppa.

                                                 Nepa Transport BV
Hoger Einde Noord 26      T +31 (0)20 684 66 56   Chamber of Commerce 33224206
1191 AC Ouderkerk a/d Amstel  F +31 (0)20 684 95 55   VAT NL800231296801
The Netherlands           E amsterdam@nepa-shipping.nl

EXHIBIT 2

this e-mail is strictly forbidden.

---

**Von:** Nepa Shipping [mailto:nepa@nepa-shipping.nl]
**Gesendet:** Montag, 15. September 2008 16:03
**An:** Andritter-Witt, Torsten; Erbe, Andre
**Betreff:** Re: contract transport of pontoons

# NEPA SHIPPING B.V.

NEPA Shipping BV.            Tel:   +31 20 6846656
Hoger Einde Noord 28         Fax:   +31 20 6849555
1191 AC  Ouderkerk a/d Amstel   E-mail: nepa@nepa-shipping.nl
The Netherlands
Ref: 080915-APH8551.

to   navconsult hbg
att mr andre erbe

ds ability v44
--
thnks yr below instruction. both companies are not known to nepa i.e.
expect that schramm und co grtee their performance.
another point is that in case (for what ever reason unknown at this moment)
only one (1) pontoon can be loaded the initial agreement remains valid
with the specific price of usd 1.550.000,-- for one (1) casco.

pls confirm
rgds
arnold
as agents
+++


<------ Original Message ------>
From: Andritter-Witt, Torsten <andritter-witt@hans-schramm.de>
To:   <nepa@nepa-shipping.nl>;
Received: 15-9-2008 15:41:26
Subject: [APH] contract transport of pontoons


Ref: 080915-APH8551.


> Dear Arnold,
>
> we herewith confirm your offered transport of 2 pontoons from Nantong to
> Rotterdam.
>
> Please send us 2 different contracts:
>
> 1.      Company NOSTAG GmbH & Co.KG, Am Südufer, D-25541 Brunsbüttel
> 2.      Company Hafengesellschaft GmbH, Elbehafen, D-25541 Brunsbüttel
>
> price:  each USD  1.200.000,00  same conditions
>
> kind regards
>
>
> ppa. Torsten Andritter-Witt

```
>
>
>
> HANS SCHRAMM & SOHN GMBH & CO. KG
> AM SÜDUFER - 25541 Brunsbüttel
>
> Tel: ++49 4852 830111
> Fax: ++49 4852 830123
> Mobile: ++491717275296
>
> Registergericht Meldorf HRA 526
> Persönlich haftende Gesellschafterin:
> Schramm Verwaltungs GmbH
> Registergericht Meldorf HRB 686
> Geschäftsführer: Helmut Schramm
> Hans Helmut Schramm
>
> Steuer Nr: 23 28302705
> USt-Id Nr: DE 135160287
>
> -----------------------------------------------------------------------
> Diese E-Mail enthält vertrauliche und/oder rechtlich geschützte
> Informationen. Wenn Sie nicht der richtige Adressat sind oder
> diese E-Mail irrtümlich erhalten haben, informieren Sie bitte
> sofort den Absender und vernichten Sie diese Mail. Das unerlaubte
> Kopieren sowie die unbefugte Weitergabe dieser Mail ist nicht gestattet.
> -----------------------------------------------------------------------
> This e-mail may contain confidential and/or privileged information. If
> you are not the intended recipient (or have received this e-mail
> in error) please notify the sender immediately and destroy this e-mail.
> Any unauthorized copying, disclosure or distribution of the material in
> this e-mail is strictly forbidden.
> -----------------------------------------------------------------------
>
>
```

080915-01105846                                                                User: APH

**To:** Nepa Shipping <nepa@nepa-shipping.nl>
**From:** Andritter-Witt, Torsten <andritter-witt@hans-schramm.de>
**Subject:** AW: Re: contract transport of pontoons
**Date:** 15-9-2008 16:41:01    (printed 15-9-2008 16:46:36)

Hello again,

Company Schramm is 100 % shareholder of Hafengesellschaft Brunsbüttel
and 33,33 % Shareholder of NOSTAG GmbH & Co.KG. The other Shareholders
of NOSTAG are NSW Norddeutsche Seekabelwerke Nordenham, biggest
cable producer of Offshore-Windfarms in Germany and TAGU, Tiefbau AG Unterweser
a big dredging and construction company.
Company Schramm will guarantee for this company´s. But we need for our finance dept.
and for our bankers two contracts.

We confirm, if only one pontoon can be transported, that the company NOSTAG will
pay the price of USD 1.550.000.

kind regards
ppa. Torsten Andritter-Witt



HANS SCHRAMM & SOHN GMBH & CO. KG
AM SÜDUFER - 25541 Brunsbüttel

Tel: ++49 4852 830111
Fax: ++49 4852 830123
Mobile: ++491717275296

Registergericht Meldorf HRA 526
Persönlich haftende Gesellschafterin:
Schramm Verwaltungs GmbH
Registergericht Meldorf HRB 686
Geschäftsführer: Helmut Schramm
Hans Helmut Schramm

Steuer Nr: 23 28302705
USt-Id Nr: DE 135160287

Diese E-Mail enthält vertrauliche und/oder rechtlich geschützte
Informationen. Wenn Sie nicht der richtige Adressat sind oder
diese E-Mail Irrtümlich erhalten haben, informieren Sie bitte
sofort den Absender und vernichten Sie diese Mail. Das unerlaubte
Kopieren sowie die unbefugte Weitergabe dieser Mail ist nicht gestattet.

This e-mail may contain confidential and/or privileged information. If
you are not the intended recipient (or have received this e-mail
in error) please notify the sender immediately and destroy this e-mail.
Any unauthorized copying, disclosure or distribution of the material in

EXHIBIT 3

[ 08101G-0115713Z ] Page 1 of 3

TO MESSRS, SINGA NANTONG                    PORT: NANTONG

## NOTICE  OF  READINESS

THIS IS TO ADVISE YOU THAT MV/MT  DS ABILITY (爱比利)

ARRIVED AT CHANGJIANGKOU ANCHORAGE AT 1200HRS ON 27TH SEP.2008.

ARRIVED NANTONG QURANTINE ANCHORAGE AT 0200HRS ON 28TH SEP.2008.

NOW, SHE IS IN ALL RESPECTS READY AND FIT TO LOADING HER CARGO OF

300FT×90FT×18FT DECK CARGO BARGE BUILT TO AMERICAN BUREAU OF SHIPPING

AND ITS CLASSED + A 1 BARGE 驳船    1500  MT

AT THIS PORT.

NOTICE OF READINESS TENDERED AT    1200HRS   ON    27TH SEP.2008

MASTER OF MV   DS ABILITY (爱比利)

NOTICE OF READINESS ACCEPTED    AS PER C/P.

AS AGENT

P1    Oct. 16 2008 15:42    FAX NO. :85138572939G    FROM :Nantong Singa
Date: 16-10-2008 9:43.09    (printed 16-10-2008 9:45:24)
Subject: 3 pages
From: 06-1385729396 <>
To: Fax <>
User: APH                                              08101G-0115713Z

EXHIBIT 4

# WISETECH INVESTMENT LIMITED

NOSTAG GmbH & Co. KG
Am Suedufer
D-25541 Brunsbuettel
Germany

Date: 17 October 2008

Invoice No.: WT013/2008

| | USD |
|---|---|
| **MV DS ABILITY** | |
| Clause 5 price | |
| Freight as per contract dated 15 September 2008 | |
| Shipment of one (1) pontoon nostag 10 | 1,550,000.00 |
| Clause 7 detention | |
| Three (3) days detention @ USD25,000 pdpr detention as per contract | 75,000.00 |
| basis 3 days grace | |
| Notice of readiness tendered 27 September 2008 12:00 hrs | |
| Grace period till 30 September 2008 12:00 hrs | |
| Detention started 30 September 2008 12:00 until 03 October when loading | |
| cancelled at 03 October 11:55 hrs | 1,625,000.00 |

Please note that this invoice is collected for and on behalf of
Messrs Nepa Transport BV, The Netherlands.

Please remit the above balance **net of bank charges** to the following account
and confirmed details by return:

Payment details

Bank:           ABN/AMRO Bank, N.V.
                Hong Kong Branch
Swift Code:     ABNAHKHH
A/C No.         USD A/C -- 6778828
Beneficiary:    Wisetech Investment Limited

3404, Singga Commercial Centre, 148 Connaught Road West, Hong Kong
Tel: 852-2549 6249    Fax: 852-2545 1545

EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NEPA TRANSPORT BV,

        Plaintiff,    09 CV

 -v-

              **ATTORNEY'S DECLARATION**
HANS SCHRAMM & SOHN GMBH & CO. KG, **THAT DEFENDANTS CANNOT BE**
and NOSTAG GMBH & CO. KG,    **FOUND IN THE DISTRICT**

        Defendants.
-------------------------------------------------------------------x

   This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff,

NEPA TRANSPORT BV, in order to secure the issuance of a Summons and Process

of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

   Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.,** declares under the penalty of

perjury:

   I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above

referenced matter.

   I am familiar with the circumstances of the Verified Complaint, and I submit this

declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment

and Garnishment of the property of the defendants, HANS SCHRAMM & SOHN GMBH & CO.

KG and NOSTAG GMBH & CO. KG, pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

   I have personally inquired or have directed inquiries into the presence of the defendants

in this District.

   I have personally checked with the office of the Secretary of State of the State of New

York, using the Secretary of State's Division of Corporations database, and I have determined

that, as of August 21, 2009, the defendants are not incorporated pursuant to the laws of New

York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendants can be located within this District. The Verizon Telephone Company has advised me that the defendants do not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendants within this District.

I have engaged in a Google search as to whether the defendants can be located within this District. The Google search results did not provide any information that defendants are found in this District.

I am unaware of any general or managing agent(s) within this District for the defendants.

In that I have been able to determine that the defendants have not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendants can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendants does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendants, HANS SCHRAMM & SOHN GMBH & CO. KG and NOSTAG GMBH & CO. KG, cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
       August 21, 2009

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              NEPA TRANSPORT BV

By:      _____

                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (866) 702-4577
                              Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NEPA TRANSPORT BV,

                                    Plaintiff,            09 CV

-v-
                                                         **VERIFICATION OF**
HANS SCHRAMM & SOHN GMBH & CO. KG and                    **COMPLAINT**
NOSTAG GMBH & CO. KG

                                    Defendants.
-------------------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

        1.        I am a Member of the law firm of CHALOS & CO, P.C., counsel for the

Plaintiff, NEPA TRANSPORT BV, herein;

        2.        I have read the foregoing Verified Complaint and know the contents thereof; and

        3.        I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

        4.        The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
        August 21, 2009

                                CHALOS & CO, P.C.
                                Attorneys for Plaintiff
                                NEPA TRANSPORT BV

                        By:     _____
                                George M. Chalos (GC-8693)
                                123 South Street
                                Oyster Bay, New York 11771
                                Tel: (516) 714-4300
                                Fax: (866) 702-4577
                                Email: gmc@chaloslaw.com